UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| REBECCA J. KUCH, Individually and on behalf of the Estate of LOUIS ROGER SHEFFELS, Deceased, and on behalf of K.R.S., J.M.S, and G.L.S, Minors; MICHAEL J. PALMQUIST and TESSA PALMQUIST, husband and wife; LOUIS JERALD SHEFFELS, Individually and on behalf of SHEFFELS & SON, a Washington Corporation, and LOIS SHEFFELS, husband and wife,<br><br>  Plaintiffs,<br><br>       -vs.-<br><br>UNITED STATES OF AMERICA and THE BOEING COMPANY, a Delaware Corporation, and DOES I THROUGH V, Inclusive,<br><br>  Defendants. | NO.   CV-03-0355-JLQ<br><br>ORDER DENYING PLAINTIFFS' MOTION TO RECONSIDER DISMISSAL AND RECONVENE TRIAL |

BEFORE THE COURT is Plaintiffs' Motion to Reconsider Dismissal and Reconvene Trial (Ct. Rec. 356) filed September 17, 2007 after the court's verbal grant of the Defendants' motions for judgment pursuant to Fed. R.Civ. P. 52(c). The court thereafter entered written findings memorializing the court's oral ruling and setting forth its basis for granting the Defendants' motions. In their motion, Plaintiffs seek to have the court reconvene the trial and consider additional testimony pursuant to Fed.R.Civ.P. 59(a), particularly concerning the hypnotically enhanced testimony of Michael Palmquist.

ORDER - 1

Having considered Plaintiffs' motion and the Defendants' opposition thereto, for the reasons that follow, the court denies the motion and the judgment shall stand as entered.

## I. BACKGROUND

Michael Palmquist, the sole survivor of the aircraft crash which is the subject of this litigation, was deposed prior to and after undergoing hypnosis. Prior to undergoing hypnosis, at his deposition on March 24, 2004, he testified that his last recollection prior to the crash was of having made a pass over a field that he and the pilot were surveying and he did not remember seeing or perceiving any other aircraft that day. After this lawsuit was filed and after undergoing hypnosis, Mr. Palmquist's memory was enhanced. At his second deposition on October 13, 2004, Mr. Palmquist recalled having seen a large aircraft fly directly in front of their windshield. On appeal after the case was dismissed by Judge Suko on summary judgment, the Ninth Circuit Court of Appeals affirmed the exclusion of Mr. Palmquist's post-hypnotic recollections, but reversed the grant of summary judgment.

On remand before this court, at the pretrial conference, the court denied Plaintiff's motion in limine to permit Mr. Palmquist to testify at trial as to his memories enhanced by hypnosis. At trial, when Plaintiff called Mr. Palmquist to testify, Defendants' objected arguing he was incompetent to testify at all, or in the alternative, that his testimony should be limited to his pre-hypnosis deposition testimony. The court rejected the Defendants' prohibition argument and ruled that the fact that Mr. Palmquist had been hypnotized before trial did not preclude him from testifying to his pre-hypnotic memory of events, especially given that his first deposition provided independent verification of the witness'

ORDER - 2

pre-hypnotic testimony. Accordingly, the court overruled the Defendants' objection and Mr. Palmquist testified.

During cross-examination, counsel for the United States broadly asked Mr. Palmquist whether he saw a C-17 on the night of the crash. The court then raised the question as to whether this inquiry had opened the door to Palmquist's post-hypnotic recollections. Plaintiffs' counsel then raised the objection and made an offer of proof. Counsel for the United States withdrew the question, and ultimately the court struck both the question and the response. Defense counsel also questioned Plaintiff's expert, Richard Wood, as to whether there were any witnesses who saw a C-17 on the evening of the crash.

## II. ANALYSIS

Under Fed.R.Civ.P. 59(a), the district court has the discretion to reopen a judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions. There are three grounds for granting new trials in court-tried actions under Rule 59(a)(2): (1) manifest error of law; (2) manifest error of fact; and (3) newly discovered evidence." *Brown v. Wright*, 588 F.2d 708, 709 (9th Cir. 1978). These are the same grounds for granting a motion for additional findings under Fed.R.Civ.P. 52(b). One ground for altering or amending a judgment is if a court committed clear error or its decision was manifestly unjust. *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). Harmless errors encountered during the course of a proceeding are not proper grounds for new trial or amendment of a judgment:

ORDER - 3

> No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

Fed. R. Civ. Pro. 61.

Plaintiffs argue here that the Defendants' cross-examination "opened the door" to Mr. Palmquist's post-hypnotic testimony, and thus the court erred when it precluded the testimony. Plaintiffs believe the court's dismissal of the case pursuant to Rule 52(c) was fundamentally unfair without first obtaining Mr. Palmquist's post-hypnotic testimony. Plaintiff requests that the court reconvene the trial to consider Palmquist's post-hypnotic testimony to prevent a miscarriage of justice.

Plaintiff's motion for reconsideration does not present any of the Rule 59(a) grounds for relief. Plaintiff has not shown manifest errors of law or manifest errors of fact. Furthermore, the proposed testimony of Mr. Palmquist is not newly discovered evidence. In essence, Plaintiff seeks to introduce evidence in a new trial that was available at the time of trial and excluded by the court on multiple grounds including the "law of the case" doctrine and Fed.R.Civ.P. 601. The court's exclusion of Mr. Palmquist's inadmissible hypnotically enhanced memories was not a manifest error of law. There were no evidentiary rulings limiting the parties' inquiry into Palmquist's pre-hypnotic recollections. Mr. Palmquist testified at his deposition prior to hypnosis that he did not remember seeing or perceiving any other aircraft in the air on the day of the crash. It was therefore not impermissible for the defense to attempt to confirm this relevant, and

ORDER - 4

independently verifiable pre-hypnotic recollection at trial. Finally, defense counsel's question to Mr. Palmquist (which was withdrawn), even if in error, would not justify the admission of the post-hypnotic testimony as there was no danger of misleading the court as to the facts of the case.

Accordingly, Plaintiff's Motion to Reconsider Dismissal and Reconvene Trial (Ct. Rec. 356) is **DENIED**.

The District Court executive is hereby directed to enter this Order, provide copies to counsel, and **CLOSE THE FILE**.

DATED THIS 23rd day of October, 2007.

s/ Justin L. Quackenbush

JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 5